CRIDER v BORG

Docket No. 48945. Submitted March 3, 1981, at Detroit.—Decided
August 7, 1981. ·

Lonnie D. Crider brought an action against Charles Borg, Jose-
phine Borg, and Hillman Von Zidkow, partners doing business
as the Dare Bar, and Robert Kortas for damages resulting from
an accident involving an automobile driven by Kortas and
alleging violation of the dramshop act by the partners. The
partners moved for summary judgment on the ground that
except as to the amount of damages there was no genuine issue
as to any material fact, which motion was granted, Wayne
Circuit Court, Neal Fitzgerald, J. The plaintiff appeals. *Held:*

The trial court erred in granting the partners' motion for
summary judgment before discovery was complete. The plaintiff
should have been afforded an opportunity to engage in the most
vigorous and complete discovery because of the obstacles faced
by a plaintiff in proving a dramshop case.

Reversed and remanded.

INTOXICATING LIQUORS — DRAMSHOP ACT — DISCOVERY — SUMMARY
JUDGMENT — COURT RULES — STATUTES.

A plaintiff in a dramshop action should have the opportunity to
engage in the most vigorous and complete discovery, and sum-
mary judgment on the ground that except as to the amount of
damages there is no genuine issue as to any material fact
should not be granted upon a defendant's motion until discov-
ery is complete (GCR 1963, 117.2[3]; MCL 436.22; MSA 18.993).

*Lopatin, Miller, Bindes, Freedman, Bluestone,
Erlich & Rosen* (by *Steven G. Silverman*), for
plaintiff.

*Frank & Stefani* (by *Sidney L. Frank* and *Ellen
M. Tallerico*), for defendants.

REFERENCES FOR POINTS IN HEADNOTE
[1] 23 Am Jur 2d, Depositions and Discovery § 207.
45 Am Jur 2d, Intoxicating Liquors §§ 613, 614.

Before: D. E. HOLBROOK, JR., P.J., and BRONSON and D. F. WALSH, JJ.

PER CURIAM. Plaintiff appeals from the entry of summary judgment in favor of defendant bar owners.

On June 20, 1977, plaintiff initiated a suit arising out of an automobile accident between plaintiff and defendant Kortas. In an amended complaint filed on February 22, 1978, plaintiff alleged a violation of Michigan's dramshop act, MCL 436.22; MSA 18.993, and included as defendants Charles and Josephine Borg and Hillman Von Zidkow, the partners operating the Dare Bar. Subsequently, numerous interrogatories and depositions were taken.

In September, 1979, defendants Von Zidkow and the Borgs moved for summary judgment pursuant to GCR 1963, 117.2(3), on the ground that plaintiff was unable to prove Kortas' visible intoxication at the time of the sale of the liquor, an essential element of plaintiff's dramshop claim. After a hearing on November 2, 1979, the circuit court granted defendant bar owners' motion.

We hold that summary judgment was granted prematurely. As a general rule, a motion for summary judgment based upon GCR 1963, 117.2(3), should not be granted until discovery is completed. *Goldman v Loubella Extendables,* 91 Mich App 212, 218; 283 NW2d 695 (1979), *lv den* 407 Mich 901 (1979). While the appellee correctly notes that *Goldman* "involved complex issues of motive and intent", we do not believe that this is a critical distinction between it and the instant case. The question is not the complexity of the issues involved but whether further discovery stands a fair chance of uncovering factual support for the liti-

gant's position. In our opinion, further discovery in this case might provide sufficient facts to make out a jury question.

Based solely on the record as it currently stands, there exists a substantial possibility that Robert Kortas, the driver of the automobile who struck plaintiff's car, was visibly intoxicated at the time of the sales of alcoholic beverages by defendant. Kortas admits to having drunk five or six beers over a two-hour period while in the bar. Douglas Thompson, a witness to the accident, stated in his deposition that just following the collision Kortas seemed to be drunk. We do not know whether Kortas continued to drink after he left defendants' bar. This fact, in and of itself, shows the need for further discovery. If Kortas denied drinking anything after he left the bar and Thompson stated that he seemed drunk some two to two and one-half hours after he left the bar, the jury reasonably could infer that he was visibly intoxicated at the time of the sale of intoxicants by the bar.

Moreover, we disagree with the appellee's contention that neither the police officers who came to the scene of the accident nor the toxicologist who tested Kortas' blood alcohol level would be able to give relevant and material testimony tending to indicate that Kortas was visibly intoxicated at the time of the sales of alcohol. The police officers' testimony, like that of Thompson's, would be highly relevant on this question if Kortas appeared intoxicated to them and he denied drinking anything after leaving the bar. Since the degree of intoxication would dissipate over time, if Kortas drank nothing after leaving the tavern and still appeared intoxicated at the time of the accident, it would seem most unlikely that he did not appear visibly intoxicated at the time of the sales.

The toxicologist, depending on his expertise, could testify as to the likely alcohol content in Kortas' blood at the time he left the bar based on his blood alcohol level at the time of the accident. If this projected level were high, plaintiff might be able to obtain a medical expert who would testify on the likelihood that Kortas' intoxication would be visible at the time of the sales. Again, this assumes that Kortas denies drinking anything or, at least, very much after he left the bar. However, until the critical facts concerning Kortas' post-Dare Bar drinking are before us, summary judgment is clearly inappropriate.

The dramshop plaintiff who has not actually accompanied the drinking defendant to the bar normally faces serious obstacles in proving his case. MCL 436.22; MSA 18.993 requires that the allegedly intoxicated person be named a defendant in the dramshop action. Thus, the person named as intoxicated has a vested interest in denying the same. As such, his cooperation cannot be expected. Nor can the cooperation of the named tavern's agents be expected. Obviously, individuals who work for the bar would have an interest in seeing that their employer did not lose the dramshop action. A plaintiff who did not actually frequent the tavern which served the drinks will almost never have any hope of tracking down impartial patrons of the bar who might be able to enlighten him concerning the appearance of the one who injured him at the time the sales were made. Where patrons can be found, they are most often friends of the allegedly intoxicated person who, for this reason, have an interest in the outcome of the proceeding. As such, it is our opinion that a plaintiff in a dramshop action should have the opportunity to engage in the most vigorous and complete

discovery before any thought is given to directing a verdict against him.

Reversed and remanded. Costs to plaintiff-appellant.