KORTAS v THUNDERBOWL AND LOUNGE

Docket No. 57201. Submitted June 4, 1982, at Detroit.—Decided October 5, 1982.

Gerald Kortas was injured when he slipped and fell while bowling at the bowling alley of Thunderbowl and Lounge. Kortas and his wife, Dorothy Kortas, filed suit against Thunderbowl and Lounge in Wayne Circuit Court, alleging that Thunderbowl was negligent. The court, Michael J. Connor, J., granted summary judgment for the defendant ruling that there was no genuine issue of material fact. The plaintiffs appeal. *Held:*

Summary judgment was prematurely granted because discovery was not yet complete. A decision on the motion for summary judgment should have been postponed until the plaintiffs had deposed their expert witness or otherwise completed discovery. This was not a situation where it could be said that it was impossible for the claim to be supported at trial because of an insurmountable deficiency.

Reversed and remanded.

1. JUDGMENTS — SUMMARY JUDGMENTS — GENUINE ISSUE OF MATE-RIAL FACT.

A motion for summary judgment based on the absence of any genuine issue of material fact tests whether there is factual support for the claim, and a court ruling on such a motion should consider the pleadings, affidavits, depositions, admissions and other documentary evidence then available to it; before granting summary judgment the court should give the benefit of every reasonable doubt to the party opposing the motion and must be satisfied that it is impossible for the claim to be supported at trial because of some deficiency which could not be overcome (GCR 1963, 117.2[3]).

2. JUDGMENTS — SUMMARY JUDGMENTS — GENUINE ISSUE OF MATE-RIAL FACT.

A summary judgment based on the absence of any genuine issue

REFERENCES FOR POINTS IN HEADNOTES
[1] 23 Am Jur 2d, Depositions and Discovery § 292.
73 Am Jur 2d, Summary Judgment §§ 16, 32.
[3] 73 Am Jur 2d, Summary Judgment §§ 2, 16, 20, 22.

of material fact is premature if it is granted before discovery on the disputed issue is complete; the appropriate question is whether further discovery stands a fair chance of uncovering factual support for the litigant's position (GCR 1963, 117.2[3], 301.7).

3. JUDGMENTS — SUMMARY JUDGMENTS — AFFIDAVITS.
   A motion for summary judgment based on the absence of genuine issues of material fact must be supported by affidavits (GCR 1963, 117.3).

*Carron & Carron* (by *Paul J. Carron*), and *Gromek, Bendure & Thomas* (by *Nancy L. Bosh*), of counsel, for plaintiffs.

*Fulkerson, Hudson, Moore, Bileti, Pierce & Tennent, P.C.* (by *John M. Lucas*), for defendant.

Before: BRONSON, P.J., and R. M. MAHER and M. WARSHAWSKY,* JJ.

M. WARSHAWSKY, J. Plaintiffs brought this action to recover for injuries sustained when Gerald Kortas slipped and fell on a lane of defendant's bowling alley. The Wayne County Circuit Court granted defendant's motion for summary judgment. Plaintiffs appeal by right.

In a complaint filed on February 20, 1979, plaintiffs alleged that plaintiff Gerald Kortas slipped and fell while bowling at defendant's bowling alley on February 19, 1976. The complaint, based on negligence, alleged that a foreign substance on the alley caused Gerald Kortas's fall, defendant breached its duty to warn of a hazardous condition, defendant knew or should have known of the allegedly hazardous condition, and defendant breached a duty to business invitees to provide safe conditions for bowling.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

At a hearing held on January 30, 1981, the trial court ruled that there was no genuine issue of material fact and ordered summary judgment in favor of defendant pursuant to GCR 1963, 117.2(3). The trial court relied on Gerald Kortas's deposition and certain interrogatories. The trial court noted Gerald Kortas's statements which indicated that he had not noticed any substance on the floor. The trial court held that plaintiffs had not produced evidence of what was on the floor, or how it got there, or if it was present at all. Plaintiffs promised to produce an expert witness to describe how bowling alley surfaces are maintained and the results of improper care. Plaintiffs asked for the opportunity to present expert testimony on what could cause such a fall. Nevertheless, the trial court granted summary judgment for defendant.

At a hearing on March 6, 1981, regarding plaintiffs' motion for rehearing to set aside the order, plaintiffs again sought permission to depose an expert witness, noting that defendant's original motion was based largely on the deposition of Gerald Kortas and that discovery was not complete. Counsel for plaintiffs said that he hoped to produce testimony of an expert which would identify the alleged substance on the alley's surface and demonstrate that the substance might be related to preparation of the lanes.

On appeal, plaintiffs argue that the trial judge erred in granting summary judgment because they offered to produce an expert witness to establish the hazardous condition. Defendant argues that the expert could only testify in answer to hypothetical questions.

A motion for summary judgment based on the absence of any genuine issue of material fact tests whether there is factual support for the claim.

*Lipton v Boesky,* 110 Mich App 589, 598; 313 NW2d 163 (1981). The court must consider the pleadings, affidavits, depositions, admissions, and other documentary evidence then available to it. *Rizzo v Kretschmer,* 389 Mich 363, 374; 207 NW2d 316 (1973); *Fry v Ionia Sentinel-Standard,* 101 Mich App 725, 728; 300 NW2d 687 (1980). Before granting summary judgment, the court must give the benefit of every reasonable doubt to the party opposing the motion and must be satisfied that it is impossible for the claim to be supported at trial because of some deficiency which could not be overcome. *Rizzo,* 372; *Peeples v Detroit,* 99 Mich App 285, 293; 297 NW2d 839 (1980).

Summary judgment is premature if granted before discovery on the disputed issue is complete. *Durkee v Cooper of Canada, Ltd,* 99 Mich App 693, 700; 298 NW2d 620 (1980); *Goldman v Loubella Extendables,* 91 Mich App 212, 218; 283 NW2d 695, *lv den* 407 Mich 901 (1979), and see *Johnston v American Oil Co,* 51 Mich App 646, 650; 215 NW2d 719 (1974). The question is whether further discovery stands a fair chance of uncovering factual support for the litigant's position. *Crider v Borg,* 109 Mich App 771, 772-773; 312 NW2d 156 (1981).

In the present case, a decision on the motion for summary judgment should have been postponed until plaintiffs had deposed their expert witness or otherwise completed discovery. Like the plaintiffs in *Durkee, supra,* the plaintiffs here asserted to the trial court that they intended to depose a witness. At a minimum, plaintiffs' expert might have testified about reasonable care in lane preparation and compared or evaluated defendant's lane preparation practices. Whether plaintiff Gerald Kortas could himself identify the substance on the

floor or how it got there should not have been dispositive and should not have precluded further discovery.

Summary judgment was prematurely granted. This was not a situation where it could yet be said that it was impossible for the claim to be supported at trial because of an insurmountable deficiency. *Rizzo, supra,* p 372. Discovery was not yet complete. See GCR 1963, 301.7. Further discovery stood a fair chance of uncovering factual support for the litigants' position, *Crider, supra,* pp 772-773, and to establish a case for trial, *Rizzo, supra,* p 379. Plaintiffs' promise to produce expert testimony should have forestalled a decision on defendant's motion. See *Rizzo, supra,* p 374.

Plaintiffs also assert error in the order of summary judgment since defendant had not filed a proper affidavit. Defendant argues that there was no objection in the trial court to the form of the affidavit. A motion for summary judgment based on the absence of genuine issues of material fact must be supported by affidavits. GCR 1963, 117.3. We note that the trial court should insist that the court rule be followed.

Reversed and remanded.