HUFF v FORD MOTOR COMPANY

Docket No. 64942. Submitted January 18, 1983, at Detroit.—Decided May 25, 1983.

Ted Huff, Jr., died of injuries sustained on the job. He was a painter employed by a subcontractor on a building project at the Ford Motor Company. The accident occurred when fumes from a coating Mr. Huff was applying to the inside of a tank exploded as the result of a spark. Fara Huff, individually and as personal representative of the estate of Ted Huff, Jr., brought a wrongful death action against Ford Motor Company and several others, including Envirofab, Inc., the manufacturer of the tank. She alleged that Envirofab was negligent in failing to build the tank with safe ventilation and lighting systems. The Wayne Circuit Court, John D. O'Hair, J., granted summary judgment to Envirofab on the basis that Envirofab had fabricated the tank in compliance with the specifications provided by the tank's designers. Plaintiff appeals. *Held:*

1. A manufacturer owes a duty to users of its product to furnish a product which is not unreasonably dangerous when used in a manner intended or reasonably foreseeable. However, a manufacturer may not be held liable where it furnishes the product in accordance with the plans and specifications provided by the purchaser unless the plans are so obviously dangerous that they should not reasonably be followed. The plaintiff had not, at the time summary judgment was granted, supported her claim with any facts showing that the designer's

REFERENCES FOR POINTS IN HEADNOTES

[1] 61A Am Jur 2d, Pleading § 230 *et seq.*

[2, 5] 73 Am Jur 2d, Summary Judgment §§ 26, 27, 29, 32.

[3] 63 Am Jur 2d, Products Liability §§ 26, 132.
Product as unreasonably dangerous or unsafe under doctrine of strict liability in tort. 54 ALR3d 352.

[4] 63 Am Jur 2d, Products Liability §§ 67, 72.
Manufacturer's or seller's obligation to supply or recommend available safety accessories in connection with industrial machinery or equipment. 99 ALR3d 693.
Duty of manufacturer to equip product with safety device to protect against patent or obvious danger. 95 ALR3d 1066.

plans and specifications were so obviously dangerous and defective that Envirofab should not have followed them.

2. Summary judgment was, however, granted prematurely. At the time the court heard the motion for summary judgment discovery was incomplete and, under the local court rule, plaintiff had two more months in which to complete discovery. Further, it cannot be said conclusively that plaintiff did not stand a fair chance of producing factual support for her position.

Reversed and remanded.

1. JUDGMENTS — SUMMARY JUDGMENT — FAILURE TO STATE CLAIM.

A motion for summary judgment based on failure of the opposing party to state a claim is resolved by reference to the pleadings alone and tests the legal sufficiency of the claims, not whether there is any factual support for the claim (GCR 1963, 117.2[1]).

2. JUDGMENTS — SUMMARY JUDGMENT — NO GENUINE ISSUE OF MATERIAL FACT.

A motion for summary judgment based on the ground that there is no genuine issue of fact requires the court to review the entire record including affidavits, depositions and interrogatories and, giving the benefit of any reasonable doubt to the opposing party, the court must be satisfied that it is impossible for the claim asserted to be supported by evidence at trial before granting the motion (GCR 1963, 117.2[3]).

3. PRODUCTS LIABILITY — MANUFACTURER'S LIABILITY.

A manufacturer owes a duty to users of its product to furnish a product which is not unreasonably dangerous when used in a manner intended or reasonably foreseeable by the manufacturer.

4. PRODUCTS LIABILITY — MANUFACTURER'S LIABILITY — PURCHASER'S PLANS.

A manufacturer may not be held liable for a plaintiff's injuries under a products liability theory where the allegedly defective product was manufactured in accordance with the plans and specifications of the purchaser except when such plans are so obviously dangerous that they should not reasonably be followed.

5. JUDGMENTS — SUMMARY JUDGMENT — DISCOVERY — PREMATURE JUDGMENT.

Summary judgment based upon a lack of any genuine issue of

material fact is granted prematurely if discovery on a disputed issue is incomplete, unless further discovery does not stand a fair chance of uncovering factual support for the litigant's position.

*Milan, Miller, Berger, Brody & Miller, P.C.* (by *Martin M. Miller) (Edward Grebs,* of counsel), for plaintiff.

*Collins, Einhorn & Farrell, P.C.* (by *Morton H. Collins* and *Noreen L. Slank),* for defendant Envirofab, Inc.

Before: T. M. BURNS, P.J., and R. M. MAHER and HOOD, JJ.

PER CURIAM. Plaintiff appeals as of right from a summary judgment granted to defendant Envirofab, Inc., in this wrongful death action.

Plaintiff's decedent, Ted Huff, Jr., died on April 20, 1980, as a result of injuries he sustained on the job on April 11, 1980. Mr. Huff was a painter employed with the Morgan Watt Painting Company. Morgan Watt was a subcontractor for the Stanley-Carter Company, general contractor for a building project at the Ford Motor Company's Dearborn Engine Plant.

Mr. Huff entered a newly manufactured oily waste treatment tank in order to coat the tank's interior with PLV-2000-Viton, an elastomer compound manufactured by defendants Pelmor Laboratories, Inc., and E. I. DuPont de Nemours & Company. While in the tank, Mr. Huff apparently dropped an unguarded electrical light. Sparks ignited PLV-2000-Viton fumes which caused an explosion. Mr. Huff died from severe burns and other injuries he sustained in that explosion.

Defendant Envirofab fabricated the oily waste

tank and Stanley-Carter Company employees erected the tank at the Engine Plant.

Plaintiff filed her complaint on May 21, 1980. In that complaint, she alleged that applying Viton in the manner specified created an inherently hazardous and dangerous condition within the tank. Plaintiff generally alleged that the dangerous condition and resulting explosion were caused by the defendants' negligence, and gross, wilful, and wanton misconduct. As to defendant Envirofab plaintiff alleged:

"26. That the defendants herein, including the fabricator, were negligent in failing to provide and recommend a means of safe ventilation of the fumes created by the aforementioned ultra-hazardous substance during its application, as well as a lighting system within said tank that was safe and compatible with the ultra-hazardous nature of the substance used by the plaintiff's decedent.

"27. That said defendants herein failed to provide, prescribe and recommend the use of a safe lighting mechanism that plaintiff's decedent could have used during the course of applying the aforementioned ultra-hazardous substance so as to prevent the creation of ingredients for an explosion which resulted in plaintiff's decedent's severe, painful and fatal injuries as hereinbefore set forth.

*       *       *

"30. That the defendant, Envirofab, Inc., [failed?] to provide a lighting system and openings for the aforesaid tank which would allow plaintiff's decedent to perform his work in a safe environment.

*       *       *

"33. That all of said defendants contributed to the creation of the inherently hazardous and dangerous condition resulting in the death of plaintiff's decedent."

However, plaintiff also alleged:

"36. That said defendant, Ford Motor Company, and the defendant, Cunningham Engineers, Inc., were responsible for the design and development of the specifications on said oily waste tank, and further, said defendant, Ford Motor Company, employed its agents, representatives and employees to supervise and monitor the contruction of said oily waste tank."

Plaintiff alleged that defendants Stanley-Carter and Ford Motor Company owed Mr. Huff certain duties which they had breached and that the defendants had "violated the Federal OSHA requirements as well as the Michigan OSHA requirements and the Common Law of the State of Michigan".

At the hearing on defendant Envirofab's motion for summary judgment, defense counsel referred to interrogatories and requests to admit to argue that plaintiff had not discovered any evidence to show that the tank design or specifications violated government standards. Plaintiff argued that Envirofab's own employees testified when deposed that safety vents could have been installed in the tank that would have eliminated the pressure from the Viton fumes. Plaintiff's counsel argued that defendant knew that individuals, like Mr. Huff, would be coating the inside of the tank and should have protected those individuals by adding extra safety devices, such as the vents. Plaintiff's counsel argued that an expert fabricator like defendant would know that the design specifications were negligent and, by failing to correct that design, would also be negligent.

The trial court responded to plaintiff's arguments:

"I don't have any problem with the possibility of the designer being negligent without the particular vents,

but we're not concerned with the designer, what we're concerned with is a subcontractor having a contract to do a particular thing, and the contractor does exactly what's expected of him, and you assert it's negligent. Not to—really it's negligent to perform his contract. Mr. Berger, that is a theory I can't accept in any way.

"Motion is granted".

Plaintiff raises two arguments in this appeal. First, plaintiff argues that the trial court erred by granting summary judgment because plaintiff raised material issues of fact; that constructing the tank according to defendant Cunningham's specifications does not absolve defendant of liability if it knew or should have known those specifications were inadequate or defective. Plaintiff's second argument is that summary judgment was prematurely granted before discovery was complete. Plaintiff's counsel stated at the hearing that 4 depositions were pending and an additional 15 had been noticed.

We review this summary judgment without a complete lower court record. The record does not include the defendant's motion and brief in support or plaintiff's reply and brief in support. Thus, we are unable to conclusively determine whether this motion was brought pursuant to GCR 1963, 117.2(1), failure of plaintiff to state a claim, or GCR 1963, 117.2(3), no genuine issue of material fact. Moreover, the trial court failed to state the basis for granting the motion either on the record or in the written order. This, of course, adds confusion to our review as we are forced to guess at the basis for the motion. See, Bashara, *The Elusive Summary Judgment Rule: Sifting Through the Maze,* 1967 D C L Rev 397, 400.

A motion for summary judgment brought pursuant to 1963, 117.2(1), failure of the opposing party

to state a claim, is to be resolved by reference to the pleadings alone. *Chatham Supermarkets, Inc v Ajex Asphalt Paving, Inc,* 370 Mich 334; 121 NW2d 836 (1974); *Todd v Biglow,* 51 Mich App 346; 214 NW2d 733 (1974). This motion tests the legal sufficiency of the claims, not whether there is any factual support for the claims. *Crowther v Ross Chemical & Manufacturing Co,* 42 Mich App 426; 202 NW2d 577 (1972).

A motion for summary judgment premised upon the ground that there is no genuine issue as to any material fact, GCR 1963, 117.2(3), requires the trial court to review the entire record to determine whether the non-moving party has discovered facts to support the claim or defense. The trial court is obligated to look beyond the pleadings and consider affidavits, depositions, and interrogatories. Based upon the entire record, the trial court must give the benefit of any reasonable doubt to the opposing party in determining whether there is a genuine issue as to a material fact. *Rizzo v Kretschmer,* 389 Mich 363, 371-372; 207 NW2d 316 (1973). Before judgment may be granted, the court must be satisfied that it is impossible for the claim asserted to be' supported by evidence at trial. *Partrich v Muscat,* 84 Mich App 724; 270 NW2d 506 (1978); *Fry v Ionia Sentinel-Standard,* 101 Mich App 725; 300 NW2d 687 (1980).

In this case, because both parties relied on matters outside the pleadings to argue the motion, we construe this motion as one brought pursuant to GCR 1963, 117.2(3), no genuine issue of material fact, and review it as such.

Michigan courts recognize that a manufacturer owes a duty to users of its product to furnish a product which is not unreasonably dangerous when used in a manner intended or in a manner

reasonably foreseeable by the manufacturer. *Antcliff v State Employees Credit Union,* 95 Mich App 224, 230; 290 NW2d 420 (1980), *aff'd* 414 Mich 624; 327 NW2d 814 (1982). A product may be unreasonably dangerous if the manufacturer omits a safety device. *Id.* However, an important exception to this rule is recognized in other jurisdictions, but is novel in Michigan.

In *Spangler v Kranco, Inc,* 481 F2d 373 (CA 4, 1973), plaintiff, a plumbing subcontractor's employee, was injured when struck by an overhead pendant crane at a Reynolds Metals Company construction project. The crane was manufactured by defendant Kranco according to Reynolds' plan to equip the crane with warning bells or other similar safety devices. Plaintiff alleged in his complaint that the failure of Kranco to so equip the crane caused it to be inherently dangerous.

The Fourth Circuit Court of Appeals affirmed the district court's grant of a directed verdict for Kranco. The court said:

"We find additional support for the action of the district judge in the principle that the products liability rule holding a manufacturer liable does not apply where the product has been manufactured in accordance with the plans and specifications of the purchaser except when such plans are so obviously dangerous that they should not reasonably be followed. *Littlehale v E. I. DuPont, de Nemours & Co,* 268 F Supp 791, 802, fn 16, (SD NY, 1966), *aff'd* 380 F2d 274 (CA 2, 1967); *Davis v Henderlong Lumber Co,* 221 F Supp 129 (ND Ind, 1963)." 481 F2d, p 375.

See, also, *Lesnefsky v Fischer & Porter Co, Inc,* 527 F Supp 951 (ED Penn, 1981); *Orion Ins Co, Ltd v United Technologies Corp,* 502 F Supp 173 (ED Penn, 1980).

This exception is explained in Prosser, Law of Torts (4th ed), § 104, p 681:

"[T]he contractor is not liable if he has merely carried out carefully the plans, specifications and directions given him, since in that case the responsibility is assumed by the employer, at least where the plans are not so obviously defective and dangerous that no reasonable man would follow them. Where this is the case, there appears to be no doubt that there will be liability." (Footnotes omitted.)

See, also, *Leininger v Stearns-Roger Manufacturing Co,* 17 Utah 2d 37; 404 P2d 33 (1965); *McCabe Powers Body Co v Sharp,* 594 SW2d 592 (Ky, 1980); *Moon v Winger Boss Co, Inc,* 205 Neb 292; 287 NW2d 430 (1980); *Hunt v Blasius,* 55 Ill App 3d 14; 370 NE2d 617 (1977).

In this case, plaintiff admits that defendant Envirofab constructed the tank according to the design and specifications of defendant Cunningham. Plaintiff did not allege that Envirofab constructed the tank defectively. Thus, the complaint against Envirofab is limited to an allegation that the defendant fabricated a defectively designed product. Therefore, in order to withstand a summary judgment based upon GCR 1963, 117.2(3), plaintiff must support her claim on the record with facts tending to show that defendant Cunningham's design and specifications were obviously dangerous and defective, which plaintiff had not done in this case at the time summary judgment was granted.

We find, nevertheless, that the trial court erred by granting the summary judgment in this case.

Although in almost 24 months it appears plaintiff did not discover any fact to support her claim against Envirofab, plaintiff argued at the motion

that her expert witnesses could support her claim with their trial testimony. Thus, giving the benefit of any reasonable doubt to plaintiff, we are not satisfied that it is impossible for the claim asserted to be supported by evidence at trial. *Partrich v Muscat, supra.*

Furthermore, we agree that the trial court granted summary judgment prematurely. Summary judgment is granted prematurely under GCR 1963, 117.2(3) if discovery on a disputed issue is incomplete. *Kortas v Thunderbowl & Lounge,* 120 Mich App 84; 327 NW2d 401 (1982); *Durkee v Cooper of Canada, Ltd,* 99 Mich App 693, 700; 298 NW2d 620 (1980). Material issues exist unless further discovery does not stand a fair chance of uncovering factual support for the litigant's position. *Kortas, supra; Crider v Borg,* 109 Mich App 771, 772-773; 312 NW2d 156 (1981).

When the trial court heard arguments on this motion, discovery was incomplete. Wayne County Court Rule 301.3(c) automatically cuts off discovery after *26* months. Thus plaintiff had at least 2 months to complete discovery. Furthermore, we cannot say conclusively, based upon this record, that plaintiff did not stand a fair chance of uncovering factual support for her position.

Reversed and remanded.