LAWRENCE v DEPARTMENT OF TREASURY

Docket No. 78391. Submitted October 3, 1984, at Lansing.—Decided February 4, 1985.

For the 1981 tax year, Walter J. Lawrence, despite wages in excess of $31,000, filed a Michigan income tax return indicating no taxable income and seeking the refund of the $176.81 of state income tax withheld. For the same tax year, Lawrence filed a federal income tax return indicating no taxable income. The Michigan Department of Treasury, in the course of examining Lawrence's 1981 tax return, learned that Lawrence had filed with his employer, General Motors Corporation, certification that he was exempt for Michigan income tax withholding. The Department of Treasury thereafter informed General Motors that it was required to commence withholding taxes from Lawrence's paycheck on the basis of five exemption allowances and was to disregard all prior and future income tax withholding certificates submitted by Lawrence. When General Motors complied with the Department of Treasury's directive, Lawrence petitioned the Michigan Tax Tribunal for a declaratory judgment on the question of the propriety of the Department of Treasury's ordering his employer to withhold state income taxes, the Department of Treasury and the State Treasurer being named as respondents. The respondents moved for summary judgment on the basis of petitioner's failure to state a cause of action upon which relief could be granted. The Tax Tribunal granted the respondents' motion for summary judgment. Petitioner appealed. *Held:*

1. While the Michigan Income Tax Act authorizes state withholding for income taxes only where the employer is required under the United States Internal Revenue Code to withhold federal income taxes and the Internal Revenue Code provides that an employer will not be required to withhold any

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 25 Am Jur 2d, Summary Judgment § 26.
   61A Am Jur 2d, Pleading § 230 *et seq.*
[2] 25 Am Jur 2d, Summary Judgment § 27.
[3] 73 Am Jur 2d, Statutes §§ 145, 146.
[4] 71 Am Jur 2d, State and Local Taxation § 602.

income taxes where the employee certifies that he has incurred no income tax liability in the preceding tax year and anticipates that he will incur no income tax liability in the current tax year, it was not the intent of the Legislature that an employee filing such certification should be exempt from state income tax withholding where the uncontroverted evidence, despite the employee's certification to the contrary, establishes that the employee did incur income tax liability in the preceding tax year and most likely will incur income tax liability in the current tax year.

2. Since the uncontroverted documentary evidence established that petitioner was liable for both federal and state income taxes in 1981 despite his federal and state income tax returns indicating no tax liability, the Tax Tribunal properly granted respondents' motion for summary judgment, although such motion should have been granted on the basis that there was no substantial issue of material fact rather than on the basis that petitioner failed to state a cause of action upon which relief could be granted.

Affirmed.

1. PRETRIAL PROCEDURE — SUMMARY JUDGMENT — FAILURE TO STATE A CLAIM.

A motion for summary judgment for failure to state a claim upon which relief can be granted tests the legal sufficiency of the pleadings with all well-pleaded facts accepted as true; summary judgment on this basis is warranted only if the claims which are pleaded are so clearly unenforceable as a matter of law that no factual development could possibly justify a right to recovery (GCR 1963, 117.2[1]).

2. PRETRIAL PROCEDURE — SUMMARY JUDGMENT — ISSUE OF MATERIAL FACT.

A motion for summary judgment which relies upon documentary evidence for its resolution must be made under the portion of the court rule providing for summary judgment on the basis that there is no issue of material fact such that the party bringing the motion is entitled to judgment as a matter of law rather than the portion of the court rule providing for summary judgment for failure to state a claim upon which relief can be granted (GCR 1963, 117.2[1], 117.2[3]).

3. STATUTES — JUDICIAL CONSTRUCTION — LEGISLATIVE INTENT.

The task of the Court of Appeals in construing and enforcing statutory schemes is to give effect to the intent of the Legislature as ascertained from the common and ordinary meaning of the statutory terms.

4. TAXATION — MICHIGAN INCOME TAX ACT — INCOME TAX WITH-
HOLDING — LEGISLATIVE INTENT.

The Michigan Legislature, in adopting the provision in the Michi-
gan Income Tax Act which authorizes state withholding taxes
only where the employer is required under the Internal Reve-
nue Code to withhold federal income taxes, did not intend that
a Michigan employee should become exempt from Michigan
income tax withholding by the filing of a federal income tax
withholding exemption certificate certifying that he had no
federal income tax liability in the preceding tax year and
anticipated no income tax liability in the current tax year
where the uncontroverted evidence supports the conclusion
that, despite the employee's certification, the employee has
incurred and will incur federal income tax liability.

Walter J. Lawrence, *in propria persona.*

*Frank J. Kelley,* Attorney General, *Louis J.
Caruso,* Solicitor General, and *Richard R. Roesch*
and *John W. Jackson, Jr.,* Assistants Attorney
General, for respondents.

Before: CYNAR, P.J., and M. J. KELLY and R. L.
EVANS,* JJ.

M. J. KELLY, J. Petitioner appeals as of right
from a declaratory judgment of the Michigan Tax
Tribunal allowing the Department of Treasury to
compel petitioner's employer to withhold state
income taxes from his weekly paycheck.

The following facts are undisputed. Petitioner is
employed as a diemaker by General Motors Corpo-
ration. His W-2 form for the tax year 1981 reveals
that he received $31,352.42 in "wages, tips, other
compensation" but had only $176.81 withheld for
state income taxes. Petitioner filed a 1981 MI-1040
tax return, claiming no state income tax liability
and seeking a refund of $176.81. His 1981 federal
1040 tax return claimed no federal income tax

* Recorder's Court judge, sitting on the Court of Appeals by assign-
ment.

liability as well. Following an examination of petitioner's state return, the department on April 6, 1983, issued Intent to Assess No. C020402, seeking $1,196.38 in taxes, $299.10 in penalties and $105.03 in interest. (The dispute regarding petitioner's 1981 state income *tax liability* is not the subject of this appeal.)[1]

In the course of examining petitioner's 1981 return, the department learned that petitioner had filed with his employer a W-4 certificate indicating that he was exempt from state income tax withholding. Consequently, by letter of March 9, 1982, the department informed General Motors that it would be required to commence withholding income taxes from petitioner's paycheck "on the basis of five exemption allowances".[2] The department also ordered General Motors "to disregard all prior and further MI-W4's submitted" by the petitioner. General Motors complied with the department's order, and petitioner filed for declaratory judgment with the tribunal on April 5, 1983, seeking a ruling on the rights and obligations of the parties with regard to the tax withholdings. On March 9, 1984, the tribunal granted the department's second motion for summary judgment pursuant to GCR 1963, 117.2(1). Petitioner's motion for rehearing was denied.

An order of summary judgment under GCR 1963, 117.2(1) tests the legal sufficiency of the pleadings with all well-pleaded facts accepted as true. Summary judgment under this subsection is warranted only if a claim is so clearly unenforcea-

[1] We note that the tribunal's order of March 9, 1984, appears to dispose of the petitioner's tax liability for 1981. The declaratory judgment petition, however, seeks only to establish the rights and obligations of the parties with regard to the state income tax withholdings. Our analysis and holding on appeal is limited to that issue.

[2] The department apparently relied upon petitioner's 1979 tax return in which he claimed five exemptions.

ble as a matter of law that no factual development could possibly justify a right to recovery. *Abel v Eli Lilly & Co,* 418 Mich 311, 323; 343 NW2d 164 (1984), *reh den* 419 Mich 1201 (1984), *cert den* — US —; 105 S Ct 123; 83 L Ed 2d 65 (1984). It is clear to us that in granting summary judgment in the instant case, the tribunal did not limit itself to the pleadings alone but considered in addition the petitioner's state and federal income tax returns, his W-2 and W-4 forms and various correspondence between petitioner, the department and General Motors. The department's motion for summary judgment should thus have been considered under GCR 1963, 117.2(3) and granted only if there were no genuine issues of material fact and respondent was entitled to judgment as a matter of law. While we would generally reverse an order of summary judgment improperly issued under subsection (1), we find that, in the instant case, all of the material facts needed to decide this case as a matter of law are ascertainable from the tax returns, W-2 and W-4 forms and the letters contained as exhibits in the tribunal record. The accuracy of these documents is not disputed by the parties. We thus review the order of summary judgment issued in this case as though it were granted under subsection (3)[3] and we affirm. See *Huff v Ford Motor Co,* 127 Mich App 287, 293; 338 NW2d 387 (1983).

In this appeal, we are asked only to decide the narrow issue of whether the department properly ordered General Motors to withhold taxes from petitioner's paychecks.

The Michigan Income Tax Act of 1967, MCL 206.1 *et seq.;* MSA 7.557(101) *et seq.,* authorizes

[3] This is always a calculated risk because it implicitly subsidizes sloppiness.

and requires Michigan employers to withhold state income taxes from employee paychecks:

"Every employer in this state · required under the provisions of the internal revenue code to withhold a tax on the compensation of an individual except as otherwise provided shall deduct and withhold a tax in an amount computed by applying * * * the rate prescribed in section 51." MCL 206.351; MSA 7.557(1351).

The amount to be withheld is computed according to information obtained from the employee, unless the employer is otherwise directed by the commissioner of the revenue division of the department. MCL 206.365(3); MSA 7.557(1365)(3).

Petitioner relies upon the language in MCL 206.351; MSA 7.557(1351) which authorizes state withholding taxes only where the employer is "required under the provisions of the internal revenue code" to withhold federal income taxes and upon 26 USC 3402(n), which provides in relevant part:

"Notwithstanding any other provision of this section, an employer shall not be required to deduct and withhold any tax under this chapter upon a payment of wages to an employee if there is in effect with respect to such payment a withholding exemption certificate (in such form and containing such other information as the Secretary may prescribe) furnished to the employer by the employee certifying that the employee—
"(1) incurred no liability for income tax imposed under subtitle A for his preceding taxable year, and
"(2) anticipates that he will incur no liability for income tax imposed under subtitle A for his current taxable year."

Petitioner argues that he incurred no federal income tax liability for the year 1981, as evidenced by his 1981 United States 1040 tax return, and

that he anticipates no change in circumstances for the tax year 1982. Petitioner urges that General Motors may not withhold federal income taxes and may thus not withhold state income taxes under MCL 206.351; MSA 7.557(1351).

Petitioner's reasoning is sophistical. Under the petitioner's analysis, a Michigan taxpayer may avoid state tax withholdings by filing a fraudulent federal tax return so long as the return evidences no federal income tax liability. We do not believe that the Michigan Legislature intended this result when it "piggybacked" the state income tax scheme on the Internal Revenue Code. *Fremont Mutual Ins Co v Dep't of Treasury,* 73 Mich App 526, 530; 252 NW2d 837 (1977). Our task in construing and enforcing statutory schemes is to give effect to the intent of the Legislature as ascertained from the common and ordinary meaning of the statutory terms. *In re Condemnation of Lands,* 133 Mich App 207, 211; 349 NW2d 261 (1984).

Section 351 of the state tax act requires a Michigan employer to withhold state income taxes if it is required under the Internal Revenue Code to withhold federal income taxes. Section 3042(a) of the Internal Revenue Code, 26 USC 3402(a), requires all wage paying employers to withhold federal income taxes.[4]

Section 3402(n), upon which petitioner relies, exempts an employer from the income tax withholding requirement if an employee incurred no federal income tax liability in the prior tax year and expects to incur no federal tax liability in the current tax year. Petitioner argues that § 3402(n) applies because his 1981 federal return shows that he incurred no tax liability. In our view, however,

---

[4] On the face of both the tax act and the code, therefore, General Motors is required to withhold state income taxes from petitioner's paycheck.

§ 3402(n) does not exempt the employer from the income tax withholding requirement on the basis of the employee's tax return alone. Rather, the return is merely evidence of the employee's income tax liability and may be evaluated on the basis of its evidentiary value. Thus, we hold that, in determining whether a Michigan employer is required to withhold state income taxes under a combined reading of § 351 of the Michigan Income Tax Act and §§ 3402(a) and (n) of the Internal Revenue Code, the department is not bound by the figures entered by the taxpayer on lines 35, 47 and 54 of the US 1040[5] tax return. The tribunal and the department may consider the return as a whole, not for the purpose of computing federal tax liability, but for the purpose of determining whether that taxpayer's return accurately evidences no federal income tax liability. Where, on the face of the federal return, it is clear that the figures entered on the tax lines are contrived, neither the department nor the tribunal need accept that return as conclusive evidence of federal income tax liability.

Other evidence may be considered in determining whether the taxpayer is subject to the withholding requirements of both the state tax act and the federal Internal Revenue Code. In this case, petitioner showed an adjusted gross income on his 1981 federal tax return (line 31) of $31,175.65. His W-2 form for that year reveals that he received compensation of over $31,000 from General Motors. The undisputed evidence supports a conclusion that petitioner has incurred and will incur federal income tax liability for the tax year 1982 and that his employer must therefore withhold both state and federal income taxes from his paycheck. Because petitioner did not provide General

---

[5] Form 1040 (1981).

Motors with the information required under MCL 206.365; MSA 7.557(1365), the commissioner properly directed General Motors under MCL 206.356(3); MSA 7.557(1365)(3), to withhold on some other basis.

We believe that our narrow holding in this case is consistent with general principles of law governing state income tax liability. The starting point for computing Michigan taxable income is the taxpayer's federal adjusted gross income, which two figures may vary according to the individual adjustments and credits allowed under state and federal law. MCL 206.30(1); MSA 7.557(130)(1); *Production Credit Ass'n of Lansing v Dep't of Treasury*, 404 Mich 301, 311-312; 273 NW2d 10 (1978); *Grunewald v Dep't of Treasury*, 104 Mich App 601, 605; 305 NW2d 269 (1981), *lv den* 412 Mich 875 (1981).

In this case, petitioner had an adjusted gross income in 1981 of $31,175.65. Based on the undisputed facts petitioner is most likely to incur some federal income tax liability. Under these circumstances, we believe that it was the intent of the Legislature to authorize and require withholding for state income tax purposes.

Affirmed.