## PELLENZ v KNIGHTS OF COLUMBUS

Docket No. 79803. Submitted June 11, 1985, at Grand Rapids.—Decided December 2, 1985.

Jean Ann Pellenz was the designated beneficiary on a policy of life insurance on the life of her husband, Glenn A. Pellenz. The policy was issued by the Knights of Columbus and sold by its agent, Robert J. Blasius. Glenn Pellenz died and Jean Pellenz submitted a claim for the proceeds which was denied by the Knights of Columbus on the basis that her husband had made false statements on his application for life insurance. Jean Pellenz, individually and as personal representative of the estate of Glenn Pellenz, deceased, brought an action in the Cheboygan Circuit Court against the Knights of Columbus and Blasius for the proceeds of the policy. Defendants moved for summary judgment which the court, Harvey C. Varnum, J., granted for lack of a genuine issue of material fact. Plaintiff appealed. *Held:*

1. The depositions clearly indicated that decedent gave false information in applying for the policy and that these misrepresentations materially affected the insurer's acceptance of the risk.

2. Knowledge of the facts by the agent will not estop the Knights of Columbus from asserting the fraud defense where the evidence shows (1) that Mr. Pellenz knowingly made material misrepresentations of fact despite disclosure of true facts to the agent, (2) that Mr. Pellenz expected and intended the false information to be submitted to the insurer, and (3) that Mr. Pellenz expected that the insurer would rely on such false information in providing insurance coverage. The trial court held that reasonable minds could not differ as to the fraudulent intent on .the part of Mr. Pellenz and the Court of Appeals agreed.

Affirmed.

REFERENCES

Am Jur 2d, Insurance §§ 1036, 1590.

Am Jur 2d, Summary Judgment §§ 26, 27.

Waiver of, or estoppel to assert, iron safe clause. 33 ALR2d 615.

1. PRETRIAL PROCEDURE — SUMMARY JUDGMENT — ISSUE OF MATERIAL
   FACT.

   A motion for summary judgment which relies upon documentary
   evidence for its resolution must be made under the portion of
   the court rule providing for summary judgment on the basis
   that there is no issue of material fact such that the party
   bringing the motion is entitled to judgment as a matter of law
   rather than the portion of the court rule providing for sum-
   mary judgment for failure to state a claim upon which relief
   can be granted (GCR 1963, 117.2[1], 117.2[3]).

2. INSURANCE — FALSE STATEMENTS — ESTOPPEL.

   An insurance company is not estopped to assert that an insured
   made false statements on an application merely because the
   agent of the company knew that the statements were false
   where the insured expected the false information to be submit-
   ted to the insurer and to be relied upon in providing insurance
   coverage.

*Anthony M. Damiano,* for plaintiff.

*Peter Patrick, P.C.* (by *Philip A. Costello),* for
defendant.

Before: GRIBBS, P.J., and CYNAR and P. J. DUG-
GAN,* JJ.

P. J. DUGGAN, J. Plaintiff was designated the
beneficiary on her husband's life insurance policy
with defendant Knights of Columbus. Following
her husband's death, plaintiff submitted a claim
for life insurance proceeds which was denied by
defendant Knights of Columbus on the basis that
her husband, Glenn Pellenz, had made false state-
ments on his application for life insurance. Follow-
ing the denial, plaintiff filed suit. Defendants
sought summary judgment pursuant to GCR 1963,
117.2(1), claiming that plaintiff's complaint failed
to state a cause of action, and pursuant to GCR
1963, 117.2(3), claiming that it was undisputed

---

* Circuit judge, sitting on the Court of Appeals by assignment.

that the applicant made false statements and therefore, as a matter of law, defendants were entitled to summary judgment.

Although defendants' motion was brought pursuant to both GCR 1963, 117.2(1) and 117.2(3), it is clear that the parties and the trial judge essentially treated defendants' motion as one brought pursuant to GCR 1963, 117.2(3). In granting defendants' motion for summary judgment, the trial judge relied significantly on information outside of the pleadings. In particular, he relied on deposition testimony, and, based on such information, the trial judge concluded that there was no genuine issue of fact. We shall therefore review the trial court's decision as a grant of summary judgment pursuant to GCR 1963, 117.2(3). *Lawrence v Dep't of Treasury,* 140 Mich App 490, 494; 364 NW2d 733 (1985); *Huff v Ford Motor Co,* 127 Mich App 287, 293; 338 NW2d 387 (1983).

The life insurance application specifically inquired as to whether or not the applicant had ever received treatment, attention, or advice from any physician for any lung disease or for any disorder of the lymph glands. The applicant answered these questions in the negative. The deposition testimony of the physicians indicates that these answers were false. The deposition testimony clearly shows that Mr. Pellenz consulted with at least two physicians and was advised by these physicians that he had possible lung cancer or a tumor in the lymph nodes. We agree with the trial court's conclusion that Mr. Pellenz knowingly caused false information to be placed on the application for insurance and that those misrepresentations materially affected the insurer's acceptance of the risk.

Plaintiff argues that, even if her husband gave false information on the application, the agent for defendant Knights of Columbus knew that such

information was false and that knowledge of the true facts on the part of the agent is imputed to the principal, thereby estopping defendant Knights of Columbus from denying coverage. See *Hughes v John Hancock Mutual Life Ins Co,* 351 Mich 302; 88 NW2d 557 (1958).

Defendant Knights of Columbus denies that full disclosure was made to the agent. Defendant Knights of Columbus further contends that, even if full disclosure had been made to its agent, the imputation of such knowledge to the principal is vitiated because plaintiff's deposition testimony reveals that her husband connived with its agent.

In *Kane v Detroit Life Ins Co,* 204 Mich 357, 364; 170 NW 35 (1918), the Court quoted from *Ketchum v American Mutual Accident Ass'n,* 117 Mich 521, 523; 76 NW 5 (1898), stating the general rule regarding "connivance" as follows:

> "The courts have always been anxious to take care of the rights of the assured when the applicant has relied upon the agent informing the company what had been truthfully told to him about the character of the risk; but the courts never have said the company is bound by statements contained in an application, when not only the agent, but the assured, knows they are untrue, *and calculated to deceive,* and the application is to be forwarded to the company as the basis of its action. To so hold would put these organizations completely at the mercy of dishonest and unscrupulous agents." (Emphasis supplied.)

The *Kane* Court held that, because there was persuasive proof of the assured's fraudulent intent, the factual issue of whether defendant insurance agent had actual knowledge that the statements were false became immaterial.

The Court in *Hughes, supra,* while recognizing the general rule that information conveyed to the

insurer's agents will constitute information to the insurer and estop the insurer from denying coverage, did recognize that a different principle will be involved where there has been connivance between the agent and the insured:

"True, and as in the law of fraud generally, evidence tending to establish that the party accused of fraud has pertinently connived with the agent will, if believed by the trier and triers of fact, automatically vitiate such rule of imputation." *Hughes, supra,* p 310.

Generally, the applicant has a right to assume that information conveyed to the agent will be communicated to the insurer. In order for defendant to be entitled to a summary judgment, the evidence must show (1) that Mr. Pellenz knowingly made material misrepresentations of fact despite disclosure of true facts to the agent, (2) that Mr. Pellenz expected and intended the false information to be submitted to the insurer, and (3) that Mr. Pellenz expected that the insurer would rely on such false information in providing insurance coverage.

The trial court held that reasonable minds could not differ as to the fraudulent intent on the part of Mr. Pellenz. We agree. Plaintiff testified that Mr. Pellenz knew that the answers recorded were false. She further testified that the agent told Mr. Pellenz that they would not indicate, on the application, the medical problems he was having (which had yet to be positively diagnosed) because "if it's something serious I hope you make it for two years". The testimony of plaintiff further supports the trial court's conclusion that Mr. Pellenz was aware of the fact that the insurer would not know that the information on the application was false, but that he believed that the false statements would not make any difference if he lived for two

more years.[1] A party is bound by his deposition testimony. *Hollowell v Career Decisions, Inc,* 100 Mich App 561; 298 NW2d 915 (1980). Taking all the evidence in a light most favorable to plaintiff, reasonable minds could not differ as to the fact that plaintiff's husband knowingly made false answers on the insurance application with the intent to deceive the insurance company.

Affirmed.

[1] The policy provided that, if it remained in effect for two years, it would be incontestable except for nonpayment of premiums.