SCOTT v CITY OF DETROIT (ON REHEARING)

Docket No. 48439. Submitted July 21, 1981, at Lansing.—Decided February 17, 1982. Leave to appeal applied for.

Bennie Scott, an employee of Corridor Constructors, was injured in 1971 while working on a sewer construction project. He brought an action for damages against the City of Detroit and against his employer's insurer, Employers Liability Insurance Company of Wisconsin. Scott alleged that the defendants were negligent in their inspection and supervision of the construction project. The Wayne Circuit Court, Irwin H. Burdick, J., granted summary judgment in favor of both defendants. Plaintiff appealed by leave granted and the Court of Appeals affirmed in part, reversed in part and remanded, 107 Mich App 194; 309 NW2d 201 (1981). Defendant Employers' application for rehearing on the issue of whether the Court of Appeals first opinion incorrectly concluded that the trial court erred in granting defendant Employers' motion for summary judgment was granted. *Held:*

The trial court properly granted summary judgment in favor of defendant Employers. Employers did not assume an obligation of inspection or intend to render services in that regard to plaintiff's employer, Corridor. There is no genuine issue of material fact with regard to the claim that Employers undertook to render inspection services to Corridor, therefore it would be impossible for plaintiff to prove at trial that the insurer had a duty to conduct reasonable safety inspections.

The Court of Appeals original opinion in this case is modified with regard to defendant Employers and now the trial court's grant of summary judgment in favor of Employers is affirmed.

M. J. KELLY, J., concurred but wrote separately to discourage the method used by counsel for Employers in answering interrogatories propounded by plaintiff. He suggests that the answers were improper and in apparent disregard for the applicable court rules.

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 57 Am Jur 2d, Negligence §§ 33, 34.
[3] 23 Am Jur 2d, Deposition and Discovery §§ 125, 143.

OPINION OF THE COURT

1. NEGLIGENCE — INSURANCE — INSPECTIONS — FAILURE TO DETECT HAZARDS.

Liability may not be imposed on an insurance carrier merely because the insurer makes inspections which fail to detect hazards which ultimately result in injury; rather, there is a threshold requirement of an undertaking to render services to the insured and, absent evidence that the insurer agreed or intended to provide services for the benefit of the insured, there is no basis for a conclusion that such inspections are conducted other than to serve the insurer's interests in underwriting, rating and loss prevention and hence there is no undertaking.

2. NEGLIGENCE — DUTY — THIRD PARTIES — UNDERTAKING — EVIDENCE.

Where evidence of an actor's conduct is consistent with a primary purpose of the actor to benefit himself, the plaintiff third party bringing an action for negligence of the actor in performing an alleged undertaking must offer additional evidence to create a question for the jury whether there was an undertaking to render services and hence a legal duty to a third party who might be foreseeably injured by the actor's failure to use reasonable care to perform the undertaking; evidence demonstrating merely that a benefit was conferred upon another does not suffice to show an undertaking.

CONCURRENCE BY M. J. KELLY, J.

3. PRETRIAL PROCEDURE — INTERROGATORIES — ANSWERS TO INTERROGATORIES — COURT RULES.

Answers to interrogatories which contain no room for interpolating information therefrom, the drawing of inferences or the supplying of missing terms are improper and in violation of the court rules (GCR 1963, 309).

*The Jaques Admiralty Law Firm, P. C.* (by *Robert E. Swickle*), for plaintiff.

*Harvey, Kruse, Westen & Milan, P. C.* (by *John A. Kruse, Paul S. Koczkur* and *Michael F. Schmidt*), for defendant Employers Liability Insurance Company of Wisconsin.

## ON REHEARING

Before: N. J. KAUFMAN, P.J., and M. J. KELLY and CYNAR, JJ.

N. J. KAUFMAN, P.J. We granted defendant Employers Liability Insurance Company of Wisconsin's (Employers) application for rehearing to consider whether our original opinion[1] incorrectly concluded that the trial court erred in granting defendant Employers' motion for summary judgment.

Employers' motion, although misnamed, was granted under GCR 1963, 117.2(3), the trial court determining that there was no genuine issue of material fact and that Employers was entitled to judgment as a matter of law. Plaintiff's claim against Employers was that the insurer negligently failed to make a proper inspection of the work site after having undertaken the duty of inspecting the employer's safety procedures.

In cases such as this, liability may not be imposed merely because an insurer makes inspections which fail to detect hazards ultimately resulting in injury. Rather, there is a threshold requirement of an undertaking to render services to the insured. *Smith v Allendale Mutual Ins Co,* 410 Mich 685, 705; 303 NW2d 702 (1981). "Absent evidence that the insurer agreed or intended to provide services for the benefit of the insured, there is no basis for a conclusion that such inspections are conducted other than to serve the insurer's interests in underwriting, rating and loss prevention and hence there is no undertaking." *Id.,* 705-706. The following paragraph in *Smith v Al-*

[1] 107 Mich App 194; 309 NW2d 201 (1981).

*lendale Mutual Ins Co, supra,* is particularly instructive:

"While an undertaking which may give rise to liability under the rule of § 324A may be gratuitous as well as contractual, the evidence must show that the actor assumed an obligation or intended to render services for the benefit of another. Evidence demonstrating merely that a benefit was conferred upon another is not sufficient to establish an undertaking which betokens duty. Persons pursuing their own interests often benefit others in the process. Accordingly, where a plaintiff seeks to prove an undertaking by conduct which benefits another and that conduct is consistent with a primary purpose on the part of the actor to benefit himself, the plaintiff must offer additional evidence to create a jury question whether there was an undertaking to render services and hence a duty to one who might foreseeably be injured by the actor's failure to perform the undertaking with reasonable care." 410 Mich 685, 717-718.

Our prior opinion was defective for giving insufficient attention to the "undertaking" requirement.[2] On rehearing, our review of the interrogatories and depositions submitted below convinces us that there is no genuine issue of material fact on this issue and that Employers did not assume an obligation of inspection or intend to render services in that regard to plaintiff's employer, Corridor Constructors.

The interrogatories of defendant Employers categorically deny that the company made any safety inspections or recommendations. Nonetheless, the record reveals conflicting evidence on the question of whether Employers' safety consultant, James

[2] In this regard we wrote: "We find that the threshold questions of an undertaking and reliance have been met in the instant case, Corridor having testified that it had only a *pro forma* safety program and relied on defendant Employers' recommendations in the area of safety." 107 Mich App 194, 206.

Jackson, visited only the offices and general work site or whether he actually inspected the tunnels where plaintiff's injury occurred. Still, Jackson stated in his deposition that his visits were only for the purposes of gathering information for the company's underwriting department and to check on a property damage claim made by the neighboring Bundy Corporation. Moreover, plaintiff can point to nothing to contradict Employer's claim that these inspections were in its own interests and not for the benefit of the insured Corridor. Plaintiff's assertion that there is a question of fact regarding the location of the inspections made by Employers misses the point. There is no dispute over the fact that any inspections were primarily for Employers' own purposes and benefit.

Concededly, Corridor itself only maintained a *pro forma* safety program. However, that void was filled not by Employers, but by the city and state, who had safety inspectors on the site constantly and who made recommendations that Corridor followed. The parties' discovery efforts have failed to produce any evidence that Employers made safety recommendations to Corridor. Again, assuming *arguendo* that recommendations were made (to the benefit of Corridor), such a conferral of benefit does not establish an undertaking imposing a duty upon Employers. *Smith v Allendale Mutual Ins Co, supra.*

Since there is no genuine issue of material fact with regard to the claim that Employers undertook to render inspection services to Corridor, it would be impossible for plaintiff to prove at trial that the insurer had a duty to conduct reasonable safety inspections. Summary judgment in favor of defendant Employers was properly granted.

We modify our original opinion in this case with

regard to defendant Employers and now affirm the trial court's grant of summary judgment.

CYNAR, J., concurred.

M. J. KELLY, J. *(concurring).* I concur in affirming the award of summary judgment in favor of defendant Employers Mutual Liability Insurance Company. We granted rehearing on August 11, 1981, and directed the plaintiff to "supplement his brief by showing this Court what evidence it would introduce at trial to show that Employers' inspector or other designated employee visited the tunnel site * * *". Plaintiff's briefs failed to directly respond to that order and his supplemental brief fails to zero in on the issue by confusing the inspector's visits to the above-ground overall job site with visits to the tunnel site.

Plaintiff's brief centers squarely on certain interrogatories propounded to defendant insurance company and the answers made by defense counsel to certain of those interrogatories. Neither party addresses the propriety of those answers and I write to discourage the method used by counsel for the defendant in answering the interrogatories.

On July 14, 1975, plaintiff submitted 31 interrogatories to defendant which were answered by defendant's attorney on September 5, 1975. The following jurat was employed:

"STATE OF MICHIGAN ⎫
COUNTY OF WAYNE  ⎭ ss.

JOHN A. KRUSE, being duly sworn, states that he is the attorney for the defendant, Employers Mutual Liability Insurance Company of Wisconsin, that no individual within that organization is capable of answering all of the interrogatories and that the information contained in the answers to the interrogatories was gath-

ered by him as counsel and he believes the answers to be true.

FURTHER, the deponent saith not.

*"/s/ John A. Kruse*

John A. Kruse"

Question No. 28 began as follows:

"State whether any person acting in your behalf was ever present on the subject construction site from date of commencement of said construction up to and including the date of plaintiff's injury for any reason whatsoever * * *."

The interrogatory then went on to ascertain the name, date, details and communications made by any such person. GCR 1963, 309.2 mandates this question to constitute a continuing interrogatory with respect to which the adverse party must reveal any subsequently acquired knowledge. The names of two persons were provided by counsel for the insurance company. Then the following interrogatory, No. 29, was posed:

"State and list all safety equipment provided on the job site where plaintiff alleges injury and for use in connection with the job task plaintiff was performing at said time and state the name and address of every person responsible for the procurement and placement thereof."

Defendant's answer responded:

"29. This defendant was not present and has no knowledge."

What does that mean? If defendant was inserted instead of deponent one would have to presume it was an artless dodge of the question. If defendant

truly means the corporate defendant, how could it be present except through an agent or employee acting in its behalf? Either way the answer is irregular and I believe incompetent. The parties have argued the substance of these questions and answers and the information to be interpolated therefrom. The majority opinion addresses the substance of these answers at the beginning of ¶ 5 and perhaps correctly so, for failure of the plaintiff to question the propriety, sufficiency and regularity of the answers submitted and the method employed by defendant Employers Mutual Liability Insurance Company through its attorney. I do not address the effect of the failure of the plaintiff to object to or move to strike these answers. I do suggest, however, that the answers are improper. Certainly there is no room for interpolating information therefrom, the drawing of inferences or supplying missing terms such as a tunnel site, which is what the plaintiff has urged us to do.

I therefore concur in the result reached by the majority, but reprove the method employed by defendant in answering interrogatories in apparent disregard for the applicable court rules.