KINNUNEN v BOHLINGER

Docket No. 62993. Submitted April 5, 1983, at Lansing.—Decided
    September 13, 1983.

Plaintiffs Elaine Kinnunen, individually and as next friend of
    Dawn Kinnunen, and Charles Kinnunen, brought suit in Oge-
    maw Circuit Court against Russell and Glee Bohlinger setting
    forth specific allegations of breach of contract by the defen-
    dants. The plaintiffs had agreed to allow the defendants to use
    a horse trailer to transport a pony. Shortly thereafter, the
    defendants informed the plaintiffs that the trailer was damaged
    in an automobile accident. The court, Carl L. Horn, J., granted
    summary judgment for the defendants holding that the plain-
    tiffs' action was barred by the Michigan no-fault automobile
    insurance act. The plaintiffs appealed. *Held:*

The plaintiffs' complaint was not barred by the no-fault act.
    The plaintiffs premised their theory of recovery upon the
    defendants' failure to comply with the terms of a contractual
    agreement and not upon the defendants' negligent ownership,
    maintenance, or use of a motor vehicle although it was through
    the defendants' use of a motor vehicle that the damages were
    incurred. Statutes which abolish the common law should be
    narrowly construed.

Reversed.

1. JUDGMENTS — SUMMARY JUDGMENT — PLEADINGS — COURT RULES.
    A motion for summary judgment for failure to state a claim upon
    which relief can be granted is to be tested by the pleadings
    alone; it tests the legal basis of the complaint, not whether it
    can be factually supported (GCR 1963, 117.2[1]).

2. JUDGMENTS — SUMMARY JUDGMENT — PLEADINGS — FACTUAL
    ALLEGATIONS — COURT RULES.
    Factual allegations of a complaint are taken as true along with
    any inferences or conclusions which may be fairly drawn

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 61A Am Jur 2d, Pleading § 230 *et seq.*
[3] 73 Am Jur 2d, Statutes §§ 287-289.
[4] 7 Am Jur 2d, Automobile Insurance § 340 *et seq.*

therefrom, and, unless a claim is so clearly unenforceable as a matter of law that no factual development can possibly justify a right to recover, a motion for summary judgment for failure to state a claim upon which relief can be granted should be denied (GCR 1963, 117.2[1]).

3. STATUTES — STATUTORY CONSTRUCTION.
   Statutes which abolish the common law should be narrowly construed.

4. INSURANCE — NO-FAULT ACT — CONTRACTUAL LIABILITY — STATUTES.
   The no-fault automobile insurance act did not abolish contractual liability even where said liability arises out of the ownership, maintenance, or use of a motor vehicle (MCL 500.3135; MSA 24.13135).

*Gockerman & Swain* (by *Dennis M. Swain*), for plaintiffs.

*Isackson, Neering & Quinn, P.C.* (by *James J. Kent*), for defendants.

Before: D. E. HOLBROOK, JR., P.J., and HOOD and T. M. GREEN,* JJ.

D. E. HOLBROOK, JR., P.J. Plaintiffs appeal from an order granting summary judgment in favor of defendants entered pursuant to GCR 1963, 117.2(1).

On or about September 23, 1977, plaintiffs agreed to allow defendants the use of a certain Rustler horse trailer to transport a pony. Shortly thereafter, defendants informed plaintiffs that said trailer was damaged in an automobile accident. On September 25, 1980, plaintiffs filed a five-count complaint setting forth specific allegations of breach of contract on the part of defendants. Count I alleged breach of an agreement to return the borrowed trailer to the plaintiffs in the same

* Circuit judge, sitting on the Court of Appeals by assignment.

condition as taken. Count II alleged breach of a specific contract to repair the damaged trailer entered into by defendants after the occurrence of the accident. Count III alleged an agreement on the part of defendants to indemnify plaintiffs against loss due to the damage to said horse trailer. Count IV alleged breach of express and implied warranties arising from the defendants' agreement to repair said trailer. Count V alleged that defendants repaired or attempted to repair said trailer in a negligent manner. On October 22, 1981, defendants filed their motion for summary judgment pursuant to GCR 1963, 117.2(1) on the ground that plaintiffs' claim was barred by the Michigan no-fault automobile insurance act, MCL 500.3101 *et seq.;* MSA 24.13101 *et seq.* The trial court agreed and granted defendants' motion.

A motion for summary judgment pursuant to GCR 1963, 117.2(1) tests only the legal sufficiency of the pleadings. Such a motion does not make a determination whether a complaint can be factually supported. *McCallister v Sun Valley Pools, Inc,* 100 Mich App 131; 298 NW2d 687 (1980). For purposes of a motion for summary judgment based upon a failure to state a claim upon which relief can be granted, all factual allegations of a complaint are taken to be true along with any reasonable inferences or conclusions which may fairly be drawn from the facts alleged. Unless a claim is so clearly unenforceable as a matter of law that no factual development can possibly justify a right of recovery, a motion for summary judgment under GCR 1963, 117.2(1) should be denied. *May v Leneair,* 99 Mich App 209; 297 NW2d 882 (1980).

This case presents a unique question: Does the Michigan no-fault automobile insurance act bar an action for recovery of property damages arising

out of a motor vehicle accident, where the parties entered into a legally enforceable contract both before and after the accident making defendants responsible for returning a trailer in an undamaged state?

There is no question that, absent the no-fault act, plaintiffs and defendants had the right to enter into an enforceable contract whereby plaintiffs would promise to provide the benefits of their trailer to defendants in consideration for defendants' promise to assume all liability for any damages that might occur to said trailer while in defendants' possession. Since we are reviewing an order for summary judgment granted pursuant to GCR 1963, 117.2(1), we assume that factual developments would establish the existence of a contract or contracts.

However, MCL 500.3135(2); MSA 24.13135(2) provides that tort liability arising from the ownership, maintenance, or use within the state of a motor vehicle is abolished except as to certain circumstances which are inapplicable herein. It is this provision upon which defendants and the trial court relied in concluding that plaintiffs' action was barred. The trial court stated,

"an analysis of the facts involved in this matter indicates that all of plaintiffs' five counts, as set forth in their complaint, arise out of damage to a trailer in an auto accident."

The trial court then quoted from *Buckeye Union Ins Co v Johnson,* 108 Mich App 46, 54; 310 NW2d 268 (1981):

"The no-fault act * * * is clearly designed to replace a fault-based system for claims of property damage with

a sufficient causal connection to the maintenance of a motor vehicle."

However, having reviewed plaintiffs' complaint, we find that plaintiffs premised their theory of recovery upon defendants' failure to comply with the terms of a contractual agreement and not upon defendants' negligent ownership, maintenance, or use of a motor vehicle, although it was through defendants' use of a motor vehicle that damages were incurred. Therefore, we find that plaintiffs' claim is not barred.

In so ruling, we adhere to the principle that statutes which abolish the common law should be narrowly construed. *Rusinek v Schultz, Snyder & Steele Lumber Co,* 411 Mich 502; 309 NW2d 163 (1981). MCL 500.3135; MSA 24.13135 clearly and unequivocally states that "tort liability" is partially abrogated. The term "tort liability" is clear and unambiguous and does not include liability that may arise out of a legally enforceable contract. Had the Legislature intended to abrogate contractual liability as well, the words *any* "liability arising out of the ownership, maintenance, or use of a motor vehicle" could easily have been substituted. We conclude that under a straightforward reading of the statutory language of § 3135 of the no-fault act, contractual liability is not abolished by said section even where said liability arises out of the ownership, maintenance, or use of a motor vehicle.

Reversed.