STAFFNEY v MICHIGAN MILLERS MUTUAL INSURANCE
COMPANY

O'DELL v MICHIGAN MILLERS MUTUAL INSURANCE
COMPANY

Docket Nos. 71761, 75321. Submitted October 4, 1984, at Lansing.—
Decided January 3, 1985. Leave to appeal applied for.

An explosion and fire at a grain elevator in Zilwaukee, Michigan,
resulted in injuries to William T. Staffney, Larry A. Fess, Terry
D. Shaffer, James E. Neugent, Sr., Joseph D. Hernandez, Rus-
sell I. Kime, and Harold E. Spencer, Jr., and the deaths of Jack
R. Storm, Glenn R. Horney, Clifford W. Schumann and Bruce
O'Dell. The explosion occurred when sparks from a cutting and
welding operation ignited some of the grain dust in the plant.
In January, 1977, William T. and Williatte Staffney and several
of the other injured parties brought actions against Fireman's
Fund Insurance Company, New Hampshire Indemnity Com-
pany, Inc., Michigan Millers Mutual Insurance Company and
Association of Mill and Elevator Mutual Insurance Companies
in Saginaw Circuit Court alleging that all four defendants
either had a duty to inspect the grain elevator for potential fire
or explosion hazards and/or assumed that duty by voluntarily
undertaking safety inspections; that defendants knew or should
have known of the dangerous conditions in the elevator which
led to the explosion and should have warned Farm Bureau and
its employees of the hazards. Fireman's Fund moved for sum-
mary judgments on the grounds that the plaintiffs had failed to
state causes of action because the suits were barred by an
amendment to the Worker's Disability Compensation Act which
grants immunity to compensation carriers for liability arising
out of the execution of safety inspections. Michigan Millers and
Mill Mutuals moved for summary judgments on the basis that
the plaintiffs had not stated legal causes of action against them.
The motions were granted, Joseph R. McDonald, J. In October,
1977, Erma J. O'Dell, special administratrix of the estate of

REFERENCES FOR POINTS IN HEADNOTES
[1-3] 57 Am Jur 2d, Negligence §§ 33, 36.
[2] 35 Am Jur 2d, Fires §§ 7, 10, 35.
[3] 44 Am Jur 2d, Insurance § 2032.

Bruce O'Dell, and Harold E. Spencer, Jr., and his wife, June Spencer, filed suit against the same four defendants and others in Saginaw Circuit Court. Defendants therein filed motions for summary judgment on the ground that, as fire and casualty insurers, they owed no duty of care to plaintiffs and thus could not be liable in negligence for their injuries and damages. Those motions were also granted, Joseph R. McDonald, J. The Court of Appeals reversed and remanded in both cases, first in the Staffney, *et al.,* case, 91 Mich App 745 (1979), and later in the O'Dell, *et al.,* case, by memorandum opinion based upon the *Staffney* decision. Defendants sought leave to appeal in both instances to the Supreme Court, which, in lieu of granting leave to appeal, vacated the judgments against defendants insofar as they applied to the plaintiffs' claims against the fire insurers and remanded to the Saginaw Circuit Court for further proceedings consistent with another recent Supreme Court decision, 411 Mich 947 (1981). The Saginaw Circuit Court on remand again granted summary judgment in favor of defendants on the grounds that plaintiffs had failed to state a cause of action upon which relief could be granted and that there was no genuine issue of material fact and defendants were entitled to judgment as a matter of law, Joseph R. McDonald, J. Plaintiffs appeal. The appeals have been consolidated. *Held:*

1. Plaintiffs' attempts to assert a cause of action for negligently undertaking to render a service fail because the allegations in their complaints are not sufficient to create a cause of action against defendants on that basis. Summary judgment was properly granted on the ground that plaintiffs' complaints failed to state a cause of action.

2. Summary judgment was also properly granted on the ground that there was no genuine issue of material fact and defendants were entitled to judgment as a matter of law.

Affirmed.

1. NEGLIGENCE — FIRE INSURANCE — SAFETY INSPECTIONS — DUTY — THIRD PARTIES.

An insurer's inspection of an insured's premises for fire hazards does not in itself demonstrate an undertaking to render fire inspection and prevention services to the insured; absent evidence that the insurer agreed or intended to provide services for the benefit of the insured, there is no basis for a conclusion that such inspections are conducted other than to serve the insurer's interests in underwriting, rating, and loss prevention and hence there is no undertaking.

2. NEGLIGENCE — FIRE INSURANCE — SAFETY INSPECTIONS — DUTY — THIRD PARTIES.

An insurer who does not undertake to inspect an insured's premises for the insured's benefit owes no duty to the insured or the insured's employees to inspect with reasonable care; such an insurer is, however, subject to liability if it engages in affirmative conduct creating or enlarging a fire hazard.

3. NEGLIGENCE — DUTY — THIRD PARTIES — UNDERTAKINGS — EVIDENCE.

A plaintiff who seeks to prove an undertaking by conduct which benefits another where that conduct is consistent with a primary purpose on the part of the actor to benefit himself must offer additional evidence to create a jury question whether there was an undertaking to render services and hence a duty to one who might foreseeably be injured by the actor's failure to perform the undertaking with reasonable care.

*Cicinelli, Mossner, Majoros & Alexander, P.C.* (by *Eugene D. Mossner*), for plaintiffs Staffney, Fess, Storm and Horney.

*Van Benschoten, Hurlburt & Van Benschoten, P.C.* (by *Harvey E. Van Benschoten* and *Lawrence A. Hurlburt*), for plaintiffs O'Dell and Spencer.

*McGraw & Borchard, P.C.* (by *John W. McGraw*), and *Purcell, Tunison & Cline, P.C.* (by *George M. Tunison*), and *Otto & Otto* (by *Howard S. Otto*), of counsel, for Michigan Millers Mutual Insurance Company.

*Harvey, Kruse, Westen & Milan, P.C.* (by *John A. Kruse* and *Michael F. Schmidt*), for Association of Mill & Elevator Mutual Insurance Companies.

Before: CYNAR, P.J., and M. J. KELLY and R. L. EVANS,* JJ.

PER CURIAM. Plaintiffs appeal as of right from

* Recorder's Court judge, sitting on the Court of Appeals by assignment.

the trial court's grant of summary judgment in favor of the defendants.

These cases have a considerable procedural history. The incident which precipitated the cases was an explosion and fire which occurred at the grain storage facility of the Michigan Elevator Exchange, a division of Farm Bureau Services Inc., on January 22, 1976. The circuit court granted summary judgment in favor of all the defendants in both cases.

Appeals by plaintiffs were taken independently to this Court. In *Staffney v Fireman's Fund Ins Co,* 91 Mich App 745, 753; 284 NW2d 277 (1979), this Court ruled that the trial court erred in granting summary judgment as to the fire insurance carriers Michigan Millers Mutual Insurance Company and Association of Mill & Elevator Mutual Insurance Companies. A memorandum opinion reaching the same conclusion was also issued in the case involving plaintiff O'Dell (No. 75321). (Docket No. 78-1527, decided September 13, 1979 [unreported]).

Defendants Michigan Millers and Mill Mutuals applied for leave to appeal to the Michigan Supreme Court. The leave applications were held in abeyance pending decision in *Smith v Allendale Mutual Ins Co,* 410 Mich 685; 303 NW2d 702 (1981). After the decision in *Smith v Allendale Mutual Ins Co, supra,* was announced, the Supreme Court issued an order vacating the judgment of the Court of Appeals in these cases and remanding the cases to the circuit court for further proceedings consistent with *Smith v Allendale Mutual Ins Co, supra.* 411 Mich 947; 308 NW2d 102 (1981).

Motions for summary judgment were again brought in the trial court by defendants pursuant to GCR 1963, 117.2(1) and (3). Relying on *Smith v Allendale Mutual Ins Co,* the trial court granted

the motions for summary judgment based on GCR 1963, 117.2(1) and (3) in Staffney (No. 71761) and O'Dell (No. 75321) on May 16, 1983, and November 22, 1983, respectively. The plaintiffs again appealed to this Court as of right. The appeals were consolidated by this Court.

The dispositive issue is whether plaintiffs have stated a claim on which relief can be granted. In deciding this question we consider the plaintiffs' respective amended complaints in light of the Michigan Supreme Court's opinion in *Smith v Allendale Mutual Ins Co, supra.* Initially we note that summary judgment in both actions was granted after the plaintiffs had amended their complaints. In their amended complaints plaintiffs again attempted to assert a cause of action under 2 Restatment Torts, 2d, § 324A, p 142, which states:

"One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of a third person or his things, is subject to liability to the third person for physical harm resulting from his failure to exercise reasonable care to protect his undertaking, if

"(a) his failure to exercise reasonable care increases the risk of such harm, or

"(b) he has undertaken to perform a duty owed by the other to the third person, or

"(c) the harm is suffered because of reliance of the other or the third person upon the undertaking."

Pertinent amendments to the complaint alleged that defendants inspected the premises and offered suggestions on fire prevention and control of welding activities to the grain elevator operators. The only difference we can discern from the allegations here and the complaints discussed in *Smith v Allendale Mutual Ins Co, supra,* are the allega-

tions that defendants suggested a welding work practice program.

In *Smith, supra,* p 705, the Court held that the threshold requirement in an action under § 324A is that the defendant must have undertaken to render services to another. The Court stated:

"We conclude, as did the dissenting judge in *Sabraw,* that the threshold requirement of an undertaking *to render services to another* is lacking in these cases. An insurer's inspection of an insured's premises for fire hazards does not in itself demonstrate an undertaking to render fire inspection and prevention services to the insured. Absent evidence that the insurer agreed or intended to provide services for the benefit of the insured, there is no basis for a conclusion that such inspections are conducted other than to serve the insurer's interests in underwriting, rating and loss prevention and hence there is no undertaking. An insurer who does not undertake to inspect for the insured's benefit owes no duty to the insured or the insured's employees to inspect with reasonable care; such an insurer is, however, subject to liability if it engages in affirmative conduct creating or enlarging a fire hazard." *Smith,* pp 705-706.

The allegations stated in the complaints in the cases now before us do not allege that the defendants' undertaking was a service intended for the benefit of the insured. The allegations in the complaints before us demonstrate merely that a benefit was conferred upon the insured. An allegation that a gratuitous benefit was conferred is not sufficient to support the legal imposition of a duty.

"Persons pursuing their own interests often benefit others in the process. Accordingly, where a plaintiff seeks to prove an undertaking by conduct which benefits another and that conduct is consistent with a primary purpose on the part of the actor to benefit himself, the plaintiff must offer additional evidence to

create a jury question whether there was an undertaking to render services and hence a duty to one who might foreseeably be injured by the actor's failure to perform the undertaking with reasonable care." *Smith,* p 718.

Plaintiffs have not alleged anything more than that defendants thoroughly inspected the premises. That allegation is not sufficient to create a cause of action under § 324A. The allegations in the complaint are squarely within the factual context of *Sabraw v Michigan Millers Mutual Ins Co,* the companion case to *Smith v Allendale Mutual Ins Co.* In *Sabraw* the Court noted that furnishing "No Smoking" signs and safety posters and making a presentation on fire prevention to plant employees was an insufficient basis on which to conclude that a legal duty should be imposed on the defendants by their actions. Summary judgment was properly granted under GCR 117.2(1).

Plaintiffs also suggest that summary judgment was improper under GCR 1963, 117.2(3). Again the plaintiffs err. A motion under GCR 1963, 117.2(3) is considered on the basis of affidavits, pleadings, depositions and interrogatories. *Durant v Stahlin,* 375 Mich 628, 640; 135 NW2d 392 (1965). Affidavits offered with the motion in this case established that the inspections by defendants were made solely for defendants' benefit and not for the benefit of the insured. Nothing in the record before us indicates that the affidavits were controverted in any way by plaintiffs. The affidavits assert that the inspections were made in defendants' own interests. Plaintiffs were offered an opportunity to amend their complaints but declined to do so. In a similar situation, where affidavits by an inspector made clear that the inspections were made only for the benefit of the insurance company this Court stated:

"Moreover, plaintiff can point to nothing to contradict Employer's claim that these inspections were in its own interests and not for the benefit of the insured Corridor. Plaintiff's assertion that there is a question of fact regarding the location of the inspections made by Employers misses the point. There is no dispute over the fact that any inspections were primarily for Employers' own purposes and benefit.

\* \* \*

"The parties' discovery efforts have failed to produce any evidence that employers made safety recommendations to Corridor. Again, assuming *arguendo* that recommendations were made (to the benefit of Corridor), such a conferral of benefit does not establish an undertaking imposing a duty upon Employers, *Smith v Allendale Mutual Ins Co, supra." Scott v Detroit (On Rehearing)*, 113 Mich App 241, 245; 318 NW2d 32 (1982), *lv den* 417 Mich 864 (1983).

The pleadings and uncontroverted affidavits make clear that there was no genuine issue of material fact. Summary judgment was also proper under GCR 1963, 117.2(3).[1]

Affirmed.

---

[1] In another case recently before this Court, *Cunningham v Continental Casualty Co* and *Kempainen v Continental Casualty Co (On Remand)*, 139 Mich App 238; 361 NW2d 780 (1984), the question was whether similar actions by the insurer were sufficient evidence of an agreement to provide inspection services for the insurer's benefit. This Court concluded that the evidence offered, which was very similar in nature to the factual allegations in the complaints and affidavits here, were insufficient to establish the necessary threshold of an undertaking to provide services to another.