SCHENK v MERCURY MARINE DIVISION, LOWE INDUSTRIES

Docket No. 81104. Submitted November 7, 1985, at Grand Rapids. Decided October 6, 1986. Leave to appeal applied for.

Venessa Vilcans decided to go duck hunting with Robert Langeland and Donald Verberkmoes and purchased a pair of low hip waders for the hunting trip. Langeland, a close personal friend of Vilcans and an experienced sportsman, loaned Vilcans a pair of full length waders for her use because of high water conditions. Vilcans, along with Verberkmoes, drowned when the boat, owned by Verberkmoes, swamped. Alfred W. Schenk, as personal representative of the estate of Vilcans, brought a wrongful death action in Kent Circuit Court against Mercury Marine Division, Lowe Industries, Richard Tenbrink, and Robert Langeland. Plaintiff alleged that Langeland, in allowing decedent to use his full-length waders, owed Vilcans a duty of care and further alleged that Langeland had breached that duty of care in four ways: by allowing Vilcans to wear waders that were too large for her, by failing to warn and instruct Vilcans of the proper use of waders, by failing to warn and instruct Vilcans of the proper use of a life jacket and by failing to act when Vilcans complained that the waders were cumbersome and clumsy. Defendant Langeland moved for summary judgment on the basis that he owed no duties to Vilcans by reason of his gratuitous loaning of his waders to Vilcans. The trial court, Stuart Hoffius, J., granted the motion. Plaintiff appealed.

The Court of Appeals *held:*

1. In order to plead an actionable case of negligence, one must establish that the defendant owed a duty to the injured person. The question of whether such a duty exists is a question of law for the court to decide.

2. While a person who engages in the performance of an undertaking has the obligation to use due care or to act so as

REFERENCES

Am Jur 2d, Negligence §§ 32 *et seq.,* 36 *et seq.,* 67 *et seq.,* 108 *et seq.*

Am Jur 2d, Pleading §§ 230-237.

See the annotations in the Index to Annotations under Negligence.

not to unreasonably endanger the person or property of another, Langeland's gratuitous loaning of his waders to Vilcans was not an undertaking such as would create a legal duty on his part. Accordingly, Langeland is not liable for any damages associated with the drowning of Vilcans.

Affirmed.

M. J. KELLY, P.J., dissented. He would hold that plaintiff adequately stated a claim upon which relief could be granted. He would reverse.

### OPINION OF THE COURT

1. JUDGMENTS — SUMMARY JUDGMENT — FAILURE TO STATE A CLAIM.

A motion for summary judgment for failure to state a claim tests the legal sufficiency of the claim; all factual allegations are taken to be true along with any reasonable inferences or conclusions which can be drawn from the facts alleged (GCR 1963, 117.2[1], now MCR 2.116[C][8]).

2. NEGLIGENCE — ELEMENTS OF ACTION.

The elements of an action for negligence are (1) duty, (2) general standard of care, (3) specific standard of care, (4) cause in fact, (5) legal or proximate cause, and (6) damages.

3. NEGLIGENCE — DUTY — QUESTIONS OF LAW.

The question of whether a duty exists such as will support a negligence action is a question of law for the court to decide.

4. COMMON LAW — DUTY — RENDERING OF ASSISTANCE.

The general rule at common law is that, in the absence of a special relationship, a person who is not liable for the initial injury to another has no duty to render assistance to such other person.

5. NEGLIGENCE — DUTY — DUE CARE.

Every person who engages in the performance of an undertaking has an obligation to use due care or to act so as not to unreasonably endanger the person or property of another.

6. NEGLIGENCE — DUTY — LENDING OF CHATTEL.

The gratuitous loan of one's waders to another does not create in the person making the loan any legal duty such as to render the loaner liable for damages when the person borrowing the waders falls into the water and drowns.

### DISSENT BY M. J. KELLY, P.J.

7. PROPERTY — LENDING OF CHATTELS — LIABILITY.

*One who gives or lends a chattel for another to use, knowing or*

*having reason to know that such chattel is or is likely to be dangerous for the use for which it is given or lent, is subject to the same liability as a supplier of a chattel.*

8. NEGLIGENCE — DUTY.

*A person who voluntarily assumes a duty is required to perform it carefully, not omitting to do what an ordinarily prudent person would do in accomplishing the task.*

*Schenk, Boncher & Prasher* (by *Dan E. Bylenga, Jr.*), for plaintiff.

*Linsey, Strain & Worsfold, P.C.* (by *Donald R. Worsfold*), for Robert Langeland.

Before: M. J. KELLY, P.J., and R. M. MAHER and H. W. MOES,* JJ.

H. W. MOES, J. Plaintiff appeals as of right from the October 10, 1984, order granting defendant Robert Langeland's motion for summary judgment in this negligence action. Although the order does not expressly state the grounds upon which summary judgment was granted, a review of the trial court's oral findings and conclusions reveals that it was grounded upon GCR 1963, 117.2(1), now MCR 2.116(C)(8), failure to state a claim upon which relief can be granted.

A brief recitation of facts is necessary in disposing of this matter.

For some period of time prior to October 12, 1981, Venessa Vilcans, plaintiff's decedent, and defendant Robert Langeland were involved in a very close social relationship. Langeland was married; decedent was a widow. Langeland can be best generally termed an experienced outdoorsman. Decedent was not.

Langeland, for some fourteen years, went duck

* Circuit judge, sitting on the Court of Appeals by assignment.

hunting with a friend, Donald Verberkmoes. Such a hunting trip was scheduled by Langeland and Verberkmoes for October 12, 1981, on the Muskegon River. Decedent invited herself along on the duck hunting trip and advised Langeland that she had purchased a duck stamp, a federal stamp, and low hip waders for the hunting trip.

Early on the morning of October 12, 1981, the three met at a restaurant and went to the boat launching site. The boat and motor were owned by Verberkmoes and were carried to the site on Langeland's truck. The boat, with the motor mounted on it, was placed in the water. Langeland put on his full length water waders, but removed them for decedent to use, decedent's hip waders being too short. The waders were insulated and had adjustable shoulder straps. A leather belt was placed around the top of the waders decedent was wearing. Langeland used another pair of full-length waders. The high waders were utilized because the river had overflowed and the water was high. Verberkmoes got into the boat first and went to the rear. Langeland next went to the middle of the boat and decedent pushed the boat from shore and jumped in.

Verberkmoes attempted to start the motor. It stalled and more gas was given. The motor started fast. Langeland told Verberkmoes to shut it off or they would sink. Upon the motor being stopped, the front end of the boat went down and water came in and filled the boat.

Langeland told everyone to remain where they were. Verberkmoes tried, however, to step past Langeland. The weight in the boat was shifted and all three fell into the water. The weight of Langeland's waders caused him to go under water; however, he cut the wader straps and surfaced. Verberkmoes and decedent were heard some fifteen to

twenty feet distant. Verberkmoes and decedent drowned.

Plaintiff claims on appeal that the trial court erred by holding that no legal duty existed between decedent and Langeland as a matter of law. Plaintiff alleged that Langeland, in allowing decedent to use his full-length waders, owed decedent a duty of care and further alleged that it was breached in four ways: he allowed decedent to wear waders that were too large; he failed to warn and instruct her of the proper and safe use of waders; he failed to warn and instruct her of the proper use of a life jacket; and he failed to act when decedent complained that the waders were cumbersome and clumsy.

The test on a motion for summary judgment based on GCR 1963, 117.2(1), now MCR 2.116(C)(8), is whether the claim involved is so clearly unenforceable as a matter of law that no factual development could possibly justify a right to recover. *Cramer v Metropolitan Savings Ass'n,* 125 Mich App 664; 337 NW2d 264 (1983). All factual allegations of the claim are taken to be true, along with any reasonable inferences or conclusions which may fairly be drawn from the facts alleged. *Kinnunen v Bohlinger,* 128 Mich App 635; 341 NW2d 167 (1983). A motion brought pursuant to GCR 1963, 117.2(1) tests only the legal sufficiency of the claim, not whether there is any factual support for the claim. *Huff v Ford Motor Co,* 127 Mich App 287; 338 NW2d 387 (1983).

The elements of plaintiff's action for negligence are 1) duty, 2) general standard of care, 3) specific standard of care, 4) cause in fact, 5) legal or proximate cause, and 6) damages. *Moning v Alfono,* 400 Mich 425, 437; 254 NW2d 759 (1977). Where there is no legal duty, no actionable negli-

gence exists. *Butrick v Snyder,* 236 Mich 300, 306; 210 NW 311 (1926).

The question of duty is one of law and solely for the court to decide. *Moning v Alfono, supra.* "Duty" was defined in *Antcliff v State Employees Credit Union,* 414 Mich 624, 630-631; 327 NW2d 814 (1982), reh den 417 Mich 1103 (1983), where our Supreme Court quoted the following from Prosser, Torts, § 53, p 324:

> A duty, in negligence cases, may be defined as an obligation, to which the law will give recognition and effect, to conform to a particular standard of conduct toward another.

It is axiomatic that, where no duty exists, there can be no actionable negligence. *Butrick v Snyder, supra.* It is a general rule of common law that a person has no duty to render assistance to another if he is not liable for the initial injury in the absence of a special relationship. 2 Restatement Torts, 2d, §§ 323, 324, pp 135-142.

Further, every person who engages in the performance of an undertaking has an obligation to use due care or to act so as not to unreasonably endanger the person or property of another. *Clark v Dalman,* 379 Mich 251, 261; 150 NW2d 755 (1967).

It is not enough that an individual simply acts. The act must have been one to render service to another. *Smith v Allendale Mutual Ins Co,* 410 Mich 685; 303 NW2d 702 (1981), reh den 411 Mich 1154 (1981). In the instant case, Langeland simply loaned more appropriate waders to replace the waders which had been purchased and were being worn by decedent. This cannot be considered the rendering of a service or an undertaking which would have been performed for Langeland's ben-

efit. It was a reasonable act under the situation that existed and did not increase any danger accepted by the decedent. It was a gratuitous act in which defendant did not assume an obligation or render a service. *Scott v Detroit (On Rehearing)*, 113 Mich App 241; 318 NW2d 32 (1981), lv den 422 Mich 892 (1985). No special relationship existed requiring Langeland to be more affirmative in his actions and requiring Langeland to instruct decedent. It was a simple act of allowing another person to utilize a more appropriate piece of water equipment. To impose a duty would fly in the face of all commonly accepted codes of conduct.

Here, we cannot conclude that defendant's loan of the insulated waders worsened the situation or increased the risk when decedent had already intended to wear her newly purchased hip waders. Defendant did not have a legal duty to plaintiff's decedent as claimed in plaintiff's complaint. We therefore do not need to address the remaining questions raised by plaintiff on appeal.

Affirmed.

R. M. Maher, J., concurred.

M. J. Kelly, P.J. *(dissenting)*. I respectfully dissent on this close and difficult legal issue. I would reverse the trial court's order of summary judgment because I think plaintiff has adequately stated a claim upon which relief may be granted.

According to 2 Restatement Torts, 2d, § 405, p 365:

> One who directly or through a third person gives or lends a chattel for another to use, knowing or having reason to know that it is or is likely to be dangerous for the use for which it is given or lent, is subject to the same liability as a supplier of the chattel.

Moreover, the law imposes upon every individual "a duty to refrain from conduct of a character likely to injure a person with whom he comes in contact, and to use his property so as not unreasonably to injure others." 57 Am Jur 2d, Negligence, § 37, p 385. See also *Clark v Dalman,* 379 Mich 251, 261; 150 NW2d 755 (1967). In *Sponkowski v Ingham Co Road Comm,* 152 Mich App 123; 393 NW2d 579 (1986), a group of Michigan State University students planned a hayride event at stables located in Mason, Michigan. Four or more privately owned automobiles set out from East Lansing, with one driver leading the way. The leader, who was familiar with the route and who was a named defendant in the action, lost control of his vehicle at a sharp turn and ended up in a ditch. The car behind him also left the road at the same curve and struck a tree which resulted in the decedent's death. The trial court concluded as a matter of law that defendant owed no duty to the plaintiff's decedent and thus dismissed plaintiff's action for failure to state a claim. We reversed, holding that "where a person voluntarily assumes the performance of a duty (i.e., to lead another motor vehicle to an unfamiliar destination), he is required to perform it carefully, not omitting to do what an ordinary prudent person would do in accomplishing the task."

In this case, plaintiff alleges in his second amended complaint that defendant, an experienced fisherman, advised the decedent that her own waders were inadequate, loaned her oversized waders of his own, and secured them around her waist with a belt. Plaintiff alleges that defendant knew decedent was inexperienced in the outdoors and knew that her use of these waders was dangerous. Plaintiff further alleges that defendant never warned the decedent of the risks associated

with the use of the waders nor advised her of the need for a life jacket. Although there may be difficulties in proving this case, particularly with regard to the causation element as commented upon by the majority, it is clear to me that plaintiff has sufficiently pled a cause of action in that defendant loaned decedent an item of personal property knowing that decedent's use of that property under the circumstances loaned was dangerous. In effect, he put on her waders which were a trap if she fell in the water. I conclude that the complaint should have survived defendant's motion for summary judgment under GCR 1963, 117.2(1), now MCR 2.116(C)(8). I would therefore reverse.